JOSÉ LEÓN BERMÚDEZ ET AL., Plaintiffs and Appellees, *v.* FRANCISCO ORTIZ RIVERA, SANTIAGO ORTIZ RIVERA, LOUDEE IRON AND METAL CO. and AMERICAN SURETY CO. OF NEW YORK, Defendants and Appellants the last two.

No. 1.—Submitted September 2, 1958.—Decided September 16, 1958.

*J. Prieto-Azúar* and *Vicente Ydrach* for appellant American Surety Co. of New York. *Hartzell, Fernández & Novas* for appellant Loudee Iron & Metal Co., Inc. *Alberto Picó, Antonio J. Amadeo,* and *Alfonso Pizarro Lugo* for appellees.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On March 25, 1958, the Guayama Part of the Superior Court of Puerto Rico entered judgment in the above-entitled

---

case granting the complaint and ordering defendants to pay jointly to the plaintiffs, by way of compensation, the total of $65,000, plus $8,000 for attorney's fees.

On April 15, 1958 the defendants, Loudee Iron and Metal Co. and American Surety Co. of New York, filed an appeal against said judgment before this Court.

■ Subsequently and while the appeal filed by said defendants was being prosecuted in the Superior Court, the Legislature approved Act No. 115 of June 26, 1958, to become effective simultaneously with the Rules of Civil Procedure for the General Court of Justice, that is, on July 31, 1958. Said Act No. 115 amended §§ 7 and 14 of Act No. 11, approved July 24, 1952, entitled "Judiciary Act of the Commonwealth of Puerto Rico." By virtue of the aforementioned amendments, only final judgments rendered by the Superior Court in civil cases, not coming from the District Court on appeal, or from administrative agencies on review, involving and deciding a substantial constitutional question under the Constitution of the United States or of the Commonwealth of Puerto Rico, and final judgments in criminal cases originating in the Superior Court, shall be appealable to the Supreme Court. Any other final judgment of the Superior Court may, at the request of the party aggrieved, be reviewed by the Supreme Court by way of certiorari issued at the discretion of the Court.[1]

---

[1] Section 2 of Act No. 115 of June 26, 1958, provides in its pertinent part:

"Section 2.—Section 14 of Act No. 11, approved July 24, 1952, is hereby amended to read as follows:

" 'Section 14.—Review of Rulings of Court of First Instance.

"(a) Except as provided in clause (d) of this section, final judgments rendered by the Superior Court in civil cases involving and deciding a substantial constitutional question under the Constitution of the United States or the Constitution of Puerto Rico, and final judgments in criminal cases originated in the Superior Court, shall be appealable to the Supreme Court. The filing of such appeal shall stay all proceedings in the Superior Court with respect to the judgment or part thereof on appeal, or the questions comprised therein, but the Superior Court may continue the suit as to any question involved therein not comprised in the appeal, and if the

On June 26, 1958, the Legislature also approved Act No. 120 to amend Rules 52, 53 and 54 of the Rules of Civil Procedure for the General Court of Justice, adopted by the Supreme Court of Puerto Rico on November 15, 1957 and submitted to the Legislative Assembly on January 13, 1958. The afore-mentioned Rules, thus amended, regulate the proceedings for filing and perfecting an appeal, a petition for review and a petition for certification. This Act No. 120 also went into effect on July 31, 1958.

As to the appeals in civil cases pending on the effective date of Act No. 115 and the new Rules of Civil Procedure, as amended by the Legislature, the afore-mentioned Act No. 115 provided the following:

"Section 3.—Any appeal pending in a civil case in which only a review proceeding is in order, even though taken before the effective date of this act, shall be conducted and resolved as if it were a petition for review."

On the other hand, subdivision (g) of Rule 15.1 of the Rules of this Court, provides:

"(g) At the request of the appellee, or on its own initiative, the Court shall order that a civil appeal be prosecuted and decided as a petition for review to review final judgments of the Superior Court, if it appears from the record, or from copy of the statements therein, that no substantial constitutional question is raised or decided therein on the authority of the Constitu-

---

judgment on appeal provides for the sale of goods liable to loss or deterioration, the Superior Court may order that the same be sold and the proceeds of the sale be deposited therein until the Supreme Court shall pass judgment.

"(b) Any other final judgment of the Superior Court may, on request of the party aggrieved, be reviewable by the Supreme Court, by way of certiorari issued at the discretion of the court. The filing of a petition for review shall stay all proceedings in the Superior Court with respect to the judgment or part thereof whose review is sought, or the questions comprised therein, until the Supreme Court shall decide the petition. However, the Superior Court may continue the suit as to any question involved therein not comprised in the

tion of the United States, or of the Commonwealth of Puerto Rico." [2]

Pursuant to the two foregoing provisions and to § 14 of the Judiciary Act, as amended by the above-mentioned Act No. 115, the plaintiffs-appellees have filed in the office of the Secretary of this Court a motion entitled "Petition for Prosecution and Decision as a Petition for Review." In said petition they allege that in the judgment appealed from no substantial constitutional question is raised or decided on the authority of the Constitution of the United States or of the Commonwealth of Puerto Rico and for that reason said judgment is not appealable before this Court; that the present appeal is of a frivolous and dilatory nature and for that reason this Court, in the exercise of its discretion, should refuse to issue the writ of review. Said motion closes with the prayer that this Court "order that the present appeal be conducted and resolved as a petition for review, and likewise refuse to review the Superior Court's judgment in this case."

The defendants-appellants answered and objected to the appellees' petition and jointly with their answer they filed a "Petition for Review" wherein they state the grounds on which the judgment appealed from should be reversed. The appellees in turn objected to this petition and supported their

---

review proceedings, and if the judgment on appeal provides for the sale of goods liable to loss or deterioration, the Superior Court may order that the same be sold and the proceeds of the sale be deposited therein until the Supreme Court shall decide the petition.' "

Clause (d) whose saving is made in the above-copied clause (a), provides:

"(d) Judgments rendered by the Superior Court in appeals coming from the District Court and in petitions for review, based on the record of the proceedings had at the administrative level, or by way of trial de novo, of the rulings, orders or resolutions of administrative organizations, may be reviewed by the Supreme Court by way of certiorari to be issued at its discretion, and not otherwise."

[2] By order of this Court entered on July 29, 1958 and effective July 31, 1958, subdivisions (a), (c), (d), (e), (f), and (j) of Rule 10, and subdivision (a) of Rule 15 of the Rules of the Supreme Court were amended, and Rule 15.1 was added to said Rules.

objection with a twelve-page memorandum in which they discuss the merits of the questions raised by the defendants-appellants.

There is no dispute as to the fact that the judgment appealed from does not raise or decide a substantial constitutional question. Therefore, the provisions of § 3 of Act No. 115 of June 26, 1958 are applicable to this appeal to the effect that it "shall be conducted and resolved as if it were a petition for review." Nevertheless, it does not mean that the defendants-appellants, whose appeal was filed prior to July 31, 1958, are bound by law to request this Court to issue a writ of review as provided in subdivision (b) of § 14 of the Judiciary Act, in order to obtain the review of the judgment appealed from.

Appeals in civil cases not raising or deciding a substantial constitutional question and pending on the date Act No. 115 and the Rules of Civil Procedure became effective, that is, pending on July 31, 1958, shall conform from that date on, as to the subsequent proceedings for perfecting an appeal, to the proceeding established for the petition for review. In other words, the appeals will continue at the stage they were on July 31, 1958, as if it were a petition for review and accordingly, the proceedings subsequent to said stage must conform to the legal proceedings established by law for the petitions for review.

Considering the different stages at which an appeal in civil cases might be on July 31, 1958, before the trial court as well as before this Court, we do not consider it reasonable to interpret Act No. 115 in the sense that it was the intention of the lawmaker to bind the appellants in said cases to file before this Court a petition for review of a judgment from which an appeal had been taken at the time the above-mentioned Act No. 115 went into effect.[3]

---

[3] In thus interpreting Act No. 115, we have considered, among others, the following reasons: (1) Neither Act No. 115, nor the Rules of Civil Procedure in force fix a term for the filing of a petition for review in

However, as to plaintiffs-appellees' petition that the present appeal be conducted and resolved as a petition for review and that in the exercise of our discretion we refuse to review the judgment appealed from on the basis that this appeal is of a frivolous and dilatory nature, this Court shall timely dispose of the appeal in conformity with law.

Since the transcript of evidence duly approved and certified by the trial court has already been sent up to this Court, the record of this appeal shall be completed according to the provisions of Rules 54.1 and 54.5 of the Rules of Civil Procedure in force, within thirty days after receiving notice of the order that might be entered in harmony within the terms of this opinion.

those civil cases from which an appeal was taken on the effective date of both legal bodies, nor were we vested with power by law to fix said term; (2) the filing of petitions for review in all civil appeals pending on July 31, 1958 would produce an unusual congestion in this Court's calendar. Although we do not know the number of civil appeals pending in the Superior Court on July 31, 1958, we do know that on that date there were pending before this Court about 682 civil appeals. We can not attribute to the Legislature an intention that would actully defeat the very ends and purposes of Act No. 115; (3) in each one of the appeals pending in the Superior Court, the appellants' attorneys would be bound to study and prepare hastily, within a short period, the corresponding

---

petitions for review. On the other hand, the issuance of petitions for review by this Court in those cases would create a great confusion as to the subsequent steps for perfecting the appeal. It would not be easy to determine whether those steps, depending on the stage at which the appeal is found, could be adapted to the terms and procedure established by the Rules of Civil Procedure; (4) as to the civil appeals pending before this Court on July 31, 1958, already submitted for decision or to be set for hearing and as to those in which the appellant has filed his brief with the corresponding assignment and discussion of errors, it would constitute a duplicity of work useless and unnecessary to file petitions for review in those cases.